UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL FISCHER, LLC and THEODORE PRESSER CO., <br> Plaintiffs, <br><br> - against- <br><br><br> ALBERT AHRONHEIM, <br> Defendant. | Case No. 1:26-cv-01960 <br><br> CIVIL ACTION <br><br> **COMPLAINT** |

As and for Plaintiffs' Complaint, Plaintiffs hereby allege as follows:

**PARTIES**

1.      Plaintiff Carl Fischer, LLC ("Fischer") is a limited liability company whose principal place of business is 48 Wall Street, New York, New York 10005.

2.      Plaintiff Theodore Presser Co. ("Presser") is a corporation whose principal place of business is 105 Great Valley Parkway, Malvern, Pennsylvania 19355.

3.      Since 2004, Presser has been an affiliate of Fischer. Presser and Fischer are referred to herein collectively as "Plaintiffs."

4.      Defendant Albert Ahronheim ("Ahronheim") is over the age of 18, and, upon information and belief, is a citizen and resident of the State of New York, residing at 222 E. 80th Street, Apt. 12C, New York, New York 10075.

1

## NATURE OF THE ACTION

5. This is an action for a Declaratory Judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02, declaring Plaintiffs to be the sole owners of all rights in a musical composition entitled "Let's Go Blue" (the "Composition"), best known as the fight song for the University of Michigan football team; and for tortious interference with an existing economic relationship under New York law in connection with Plaintiffs' efforts to license the Composition for use by one or more third parties.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, the Federal Declaratory Judgment Act, 28 U.S.C. §2201-02 and the U.S. Copyright Act of 1976, 17 U.S.C. §101 *et seq*. This Court has subject matter jurisdiction of the Plaintiffs' state law claims under the doctrine of supplemental jurisdiction, in that such claims flow from a common nucleus of operative facts.

7. Venue is proper in this Judicial District because Ahronheim is a citizen of the State of New York, residing in the State of New York, and Ahronheim's grant of exclusive rights in the Composition to Presser in a written agreement dated January 9, 1978 ("Agreement"), attached here as **Exhibit A**, was executed by Ahronheim in the State of New York. The parties have performed and continue to perform their obligations under the Agreement in the State of New York, and the material events at issue arose in this District.

## STATEMENT OF FACTS

8. The Composition was written by Ahronheim and a co-writer, Joe Carl. Mr. Carl is not a party to this action.

9. In or about January 9, 1978 Ahronheim and Mr. Carl assigned, transferred and conveyed to Presser all of their worldwide right, title and interest in and to the Composition, including the copyright therein and the rights of renewal and extension of such copyrights and of derivative copyrights in the Composition. This assignment was memorialized in the document attached as **Exhibit A** (the "Assignment").

10. At all times since the execution of the Assignment to Presser, Plaintiffs have performed their obligations under the Assignment by issuing licenses for the exploitation of the Composition and accounting and paying royalties to Ahronheim in connection with such exploitation.

11. In May of 2011, Ahronheim's counsel served Presser with a notice of termination regarding the Composition ("Notice") pursuant to section 203(a) of the U.S. Copyright Act, Title 17 U.S.C.

12. The Notice asserted an Effective Date of May 9, 2013.

13. Online records of the U.S. Copyright Office ("USCO") do not reflect that the Notice was ever recorded prior to its claimed Effective Date.

14. The Copyright Act requires such timely recordation of a termination notice before its Effective Date as a condition of its taking effect.

15. Plaintiffs continued to license and administer rights in the Composition following the service of the Notice, and continued making royalty payments to Ahronheim under the Agreement.

16. Between the service of the Notice and the end of 2025, Ahronheim continued to receive and accept royalty payments under the Agreement, even after the purported Effective Date of the Notice.

17. Among the third parties to whom Plaintiffs have licensed the Composition is Electronic Arts, Inc., ("EA") which licensed the Composition in 2024 for inclusion in its popular video game *College Football '25* (the "Game").

18. Upon information and belief, by November 2024, the Game had become the all-time best-selling sports video game in the U.S. based on dollar volume of sales.

19. On or about December 19, 2024, Ahronheim's counsel sent a letter to Plaintiffs asserting that Plaintiffs' U.S. rights in the Composition were terminated pursuant to the Notice.

20. On January 30, 2025, counsel for Plaintiffs responded to Ahronheim's letter and explained that the alleged termination was ineffective because it was not recorded in the USCO.

21. In fact, Ahronheim had no right at law to claim U.S. copyright ownership in the Composition, having assigned those rights to Plaintiffs in 1978 and having failed to recapture them under the termination provisions of the Copyright Act.

22. In early 2025, EA communicated to Plaintiffs that it wished to continue to license the Composition for the 2026 edition of the Game.

23. Upon information and belief, on or about August 8, 2024, counsel for Ahronheim contacted EA and falsely asserted that Plaintiffs' rights in the Composition had been terminated under 17 U.S.C. § 203(a).

24. Upon information and belief, counsel for Ahronheim further demanded, under threat of litigation, that EA purchase a license from Ahronheim to use the Composition in the Game or cease and desist from using the Composition in the Game.

25. The false assertion described in paragraph 23 above and the demands described in paragraph 24 above are collectively referred to as the "Interference."

26. EA advised Plaintiffs of Ahronheim's Interference.

27. Before Ahronheim committed the Interference, he knew that he had not recorded the Notice in the USCO as required by the Copyright Act, because such recordation is a matter of public record and because Plaintiffs had informed Ahronheim's counsel not later than January 30, 2025 that there was no record of any such recordation.

28. Upon information and belief, Ahronheim has nevertheless purported to negotiate with EA regarding EA's use of the Composition, despite his lack of rights in the work.

29. As a result of Ahronheim's Interference, EA has discontinued the use of the Composition in the 2025 edition of the Game and on June 3, 2025 advised Plaintiffs that it would "not be including" the Composition "in any future releases of *College Football*."

30. In an email to Plaintiffs, EA specifically cited Ahronheim's Interference as its basis for discontinuing the use of the Composition.

31. Upon information and belief, Ahronheim has falsely advised the performing-rights organization ASCAP that Plaintiffs are no longer the publishers of the Composition.

32. ASCAP has discontinued making payments to Plaintiffs in connection with public performances of the Composition.

## CAUSES OF ACTION:

### COUNT I: DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP

33. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-32 above.

34. The conflicting positions of Plaintiffs and Ahronheim are actual, immediate, and substantial, and a justiciable controversy exists over the opposing parties' respective rights with respect to the Composition.

35. There is a current, definite and concrete controversy between Plaintiffs and Ahronheim having adverse legal interests, and the controversy is sufficiently immediate and real to warrant the issuance of a Declaratory Judgment under 28 U.S.C. § 2201. The controversy is amenable to specific relief through a decree of a conclusive character.

36. Ahronheim's claims of copyright ownership in the Composition are without legal foundation. Plaintiffs are the sole owners of the copyright in the Composition that is the subject matter of this Complaint.

37. A Declaratory Judgment in this case would serve a useful purpose in clarifying and settling the respective rights and obligations of the parties, and will terminate and afford relief from the uncertainty that is resulting from this controversy upon the Plaintiffs, who have invested substantial money and their time, effort and expertise in developing the market for the Composition.

38. Plaintiffs request the Court to enter a Judgment and Order that (i) Plaintiffs are the sole copyright owners of the Composition; (ii) Plaintiffs, and not Ahronheim, are entitled to quiet title to the ownership of the copyright in and to the Composition; and (iii) restraining and enjoining Ahronheim from asserting any rights of ownership of the Composition.

39. Plaintiffs have no adequate remedy at law.

**COUNT II: TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONSHIPS**

40. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-39 above.

41. At the time of Ahronheim's Interference, Plaintiffs had an existing economic relationship with EA, because they had granted EA a license to use the Composition in the Game,

and also a prospective economic relationship, because EA had communicated to Plaintiffs that it wished to continue to license the Composition for the 2026 edition of the Game.

42. At the time of the Interference, Ahronheim knew of the existing and prospective economic relationships between Plaintiffs and EA, specifically that EA had obtained a license from Plaintiffs to use the Composition in the Game in 2024, and that EA wished to license the Composition for the 2026 edition of the Game.

43. Ahronheim, by his acts as described above, including but not limited to his threat to commence litigation against EA, intentionally interfered with Plaintiffs' existing and prospective economic relationship with EA.

44. Ahronheim's acts as described above, including but not limited to his threat to commence litigation against EA and his false statement of copyright ownership to EA were wrongful and improper, because Ahronheim has and had no legal right to assert any claim of copyright ownership in the Composition.

45. As a result of Ahronheim's actions, EA has discontinued the use of the Composition in past and future editions of the Game.

46. Plaintiffs have been damaged by Ahronheim's tortious acts in an amount to be determined at trial, because such acts have injured Plaintiffs' existing economic relationship with EA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter Judgment for Plaintiffs as follows:

(A) Declaring that Plaintiff Fischer is the rightful and sole owner of the copyright in and to the Composition.

(B) Finding that Defendant has tortiously interfered with an existing economic relationship between Plaintiffs and EA.

(C) Restraining and enjoining Defendant from claiming any rights of ownership of the Composition, or of otherwise infringing Plaintiffs' rights therein.

(D) Awarding to Plaintiffs their attorney's fees, plus costs, disbursements, and expenses as permitted by law.

(E) Awarding such damages and other and further relief as the Court may deem appropriate.

Dated: March 10, 2026
New York, New York

                                                      Respectfully submitted,

                                                      */s/ Robert W. Clarida*
                                                      Brian D. Caplan
                                                      Robert W. Clarida
                                                      Reitler Kailas & Rosenblatt LLP
                                                      885 Third Avenue
                                                      New York, New York 10022
                                                      (212) 209-3050
                                                      (212) 371-5500 (fax)

                                                      *Attorneys for Plaintiffs*